DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
George Vukovich appeals the decision of the Summit County Court of Common Pleas, Juvenile Division, which denied his motion to modify a shared parenting plan involving his minor child Dakota. This court affirms.
 I.
George Vukovich (hereinafter "father") and his former girlfriend Jennifer Hutzler (hereinafter "mother") have a minor daughter Dakota, born April 21, 1995. Father and mother lived together from before Dakota's birth until December 1997. When the two separated, they shared custody of Dakota informally. At the end of August 1999, problems developed in the custody arrangements. Father refused to return Dakota to mother in accord with their prior arrangement. On September 8, 1999, father filed a complaint for custody in the juvenile court. On September 16, 1999, the trial court granted mother temporary custody during the pendency of the proceedings. The trial court also appointed a guardian adlitem to represent the child in the proceedings.
On October 29, 1999, father filed a motion for modification of the temporary custody orders, stating that mother's live-in girlfriend had engaged in inappropriate sexual touching of Dakota. Children Services Board (CSB) was advised of the allegations, and interviewed Dakota. Mother responded, stating that CSB had been unable to substantiate the allegation of sexual abuse. On November 15, just prior to the scheduled hearing on custody, father filed a motion for shared parenting plan. His proposed plan provided that mother's girlfriend "shall not be involved in any way with babysitting, providing care, bathing or supervising bathing for the child and at no time shall [the girlfriend] be the sole caregiver or babysitter for said child without other adult supervisor."
The trial court held a hearing on November 16 and on December 9, the court entered an order giving both parents custody and naming father the residential parent for school purposes only. The court did not put any restrictions on the girlfriend's interaction with the child. Father did not appeal the decision, but on March 21, 2000, father filed a motion for reallocation of parental rights and responsibilities, asking for full custody of Dakota and that mother have supervised visitation. On May 2 
16, 2000, the trial court held a hearing on the motion and heard testimony from the parties as well as several psychological experts who had interviewed the child. On May 30, 2000, the trial court entered an order denying the motion and ordered that "[t]he shared parenting agreement of the parties shall remain the Order of this Court." Father filed a timely appeal, assigning one error.
 II. ASSIGNMENT OF ERROR: THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN FAILING TO MODIFY THE SHARED PARENTING PLAN BY ORDERING THAT STEPHANIE DRAPER HAVE NO CONTACT WITH THE PARTIES' MINOR CHILD, DAKOTA HUTZLER.
Although father's motion to modify the prior custody order asked that he be named sole custodial parent, father's sole assignment of error here is that the trial court should have modified the shared parenting plan by explicitly prohibiting mother from allowing mother's girlfriend to have further contact with Dakota.
The trial court held a hearing on father's motion to change the custody order to name him the sole residential parent. However, in his closing remarks father's counsel suggested that the court should forbid mother from allowing the girlfriend to be in Dakota's presence. Father now appeals the trial court's failure to order any such restriction.
This court finds that father's suggestion in closing argument that the trial court impose such restrictions was not sufficient to properly place this issue before the trial court. The trial court's judgment entry on the custody motion, which does not even mention the suggested restrictions, underscores this point. Consequently, this court will not review this issue for the first time here. See Holman v. Grandview Hosp. Med. Ctr. (1987), 37 Ohio App.3d 151, 157 ("[i]ssues not raised and tried in the trial court cannot be raised for the first time on appeal").
The assignment of error is not well-taken and it is overruled. Having overruled the assignment of error, we affirm the decision of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P. J., SLABY, J., CONCUR